Grayling M. Williams,  SBN 135709
Dennis L. Fleming, SBN 206252
Attorney at Law
2189 East Main Street
Stockton, CA 95205
Tel: (209) 467-7074 / Fax: (209) 467-7073

Attorneys for Antoine Markius McDonald

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**Antoine Markius McDonald,**

   **Plaintiff,**

 **vs.**

**City of Stockton Police Department;
WAYNE HOSE, Individually and in his
capacity as a City Stockton Police
chief; Officer ANDREW SMITH, Individually
and his capacity as a City of Stockton
Police Officer; Officer STEPHANIE HAWKINS,
Individually and in her capacity as a
City of Stockton Police Officer;
Sergeant TIM MACHT, Individually and
in his capacity as a City of Stockton
Police Officer; Sergeant BRIAN HALSTEAD
Individual and his capacity as a City
of Stockton Police Officer; DOE 1 Individually and
in his capacity as Captain of the City of Stockton
Police Department, and DOES 2 to 100,**

   **Defendants.**

_____/

**No:**

**COMPLAINT FOR MONETARY,
DECLARATORY AND
INJUNCTIVE RELIEF**

## I. **INTRODUCTION**

1. This action seeks monetary, declaratory and injunctive relief, alleging that the

defendants, and each of them, deprived Plaintiff Antoine Markius McDonald,

(hereinafter referred to as "McDONALD"), of rights secured to him by the

Constitution and the Laws of the United States and the State of California.  In the

course of arresting ANTOINE MARKIUS McDONALD on or about January 27,

2007,  Defendants, SMITH, ANDREW, Police officers for the city of Stockton,

1    used unreasonable and excessive force against McDONALD. Defendants, SGTS.

2    MACHT and HALSTEAD of the city of Stockton Police Department, Sergeants

3    of the Stockton  Police Department; Captain DOE 1 of the Stockton Police

4    Department;  and Chief of Police WAYNE HOSE of the Stockton Police

5    Department, had the duty to train and supervise Officer SMITH and HAWKINS,

6    and each of them regarding the requirements of state and federal laws, including

7    the First, Fourth and Fourteenth Amendments to the United States Constitution,

8    and to discipline, including terminating officers who violated such constitutional

9    right by using excessive  force, but failed to perform such duties, which

10    proximately led to the events alleged herein.

11    ## II. **JURISDICTION AND VENUE**

12    2.    Jurisdiction of this Court is founded upon 128 U.S.C. section 1331, 1343 and

13    1367 and 42 U.S.C. section 1983 and 1988. This Court has supplemental

14    jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine Plaintiff's

15    state law claims because those claims are related  to the plaintiff's federal law

16    claims and arise out of a common nucleus of related facts.  Plaintiff's state law

17    claims  are related to Plaintiff's federal law claims such that those claims form

18    part of the same case or controversy unde Article III of the United States

19    Constitution.

20    3.    Venue is proper in this district under 28 U.S.C. section 1391 in that the claims

21    alleged herein arose within San Joaquin County, California.

22    ## III. **PARTIES**

23    4.    At all times herein relevant, ANTOINE MARKIUS MCDONALD  was residing

24    in Stockton, California

25    5.    At all times herein relevant Officers SMITH and HAWKINS, and Sergeants

26    MACHT and HALSTEAD, were employed by the City of Stockton Police

27    Department and were working under the supervision and direction of Captain

28    DOE 1, the Captain of the Stockton Police Department, and Chief of Police

1  WAYNE HOSE. Officers SMITH and HAWKINS , and each of them are sued in

2  their official and individual capacities.

3  6.  At all times herein relevant Sergeants MACHT and HALSTEAD were directly

4  responsible for the training, supervising and disciplining of officers in the City of

5  Stockton Police Department. Sergeants MACHT and HALSTEAD are sued herein

6  in his official and individual capacities.

7  7.  At all times herein mentioned, DOE 1, the Captain of the Stockton Police

8  Department was directly responsible for the training and supervising and

9  disciplining of the officers of the City of Stockton Police Department. DOE 1, the

10  Captain,  is sued herein in his official and individual capacities.

11  8.  At all times herein mentioned, Chief of Police, WAYNE HOSE, was the Chief of

12  Police and directly responsible for setting policies and procedures regarding the

13  training, supervision and discipline of City of Stockton  Police Officers, including

14  Officers  SMITH, HAWKINS,  MACHT, and HALSTEAD.  Police Chief

15  WAYNE  HOSE, is herein sued in his individual and official capacities.

16  9.  At all times herein relevant, Defendants, and each of them were acting under color

17  of law,  that is under the color of the Constitution, statutes, law characters,

18  ordinances, rules, regulations, customs and usages of the City of Stockton and the

19  State of California.

20  10.  At all times herein relevant, Defendants and their agent and employees, and each

21  of them, were the agents, servants and employees of each other and were acting

22  within the scope of such agency and employment and doing the things herein

23  alleged.

24  ## IV. **FACTS**

25  11.  On or about January 27, 2007, ANTOINE MARKIUS McDONALD  was at 136

26  E. Harding Way, Stockton , California, 95203.

27  12.  Police officers were called to the136 E. Harding Way, Stockton, California in

28  response to a shooting incident.

13. Defendants used excessive force in the detention of Plaintiff.

14. Such excessive force was used in wanton and reckless disregard of Plaintiff's federal civil rights.

15. City of Stockton police officers SMITH, HAWKINS, as well as Sgts. MACHT and HALSTEAD, use of force against MCDONALD as set fourth above was not objectively reasonable under the circumstance. The arrest of MCDONALD was not objectively reasonable under the circumstances and was a fabrication to justify the unprovoked use of force against McDONALD. Furthermore, no reasonable peace officer under the circumstances described above could have believed that his treatment of Plaintiff was lawful.

16. At all times herein relevant DOE 1, the Captain of the Stockton Police Department, was directly responsible for the training, supervising and disciplining of officers in the City of Stockton Police Department, including Officer SMITH, HAWKINS MACHT, and HALSTEAD, and each of them. His failure to supervise these officers regarding the constitutional limits of the use of force against citizens constitutes deliberate indifference to the rights of citizens. In addition, his failure to execute adequate disciplinary measures to deter officer such as SMITH, HAWKINS, MACHT, and HALSTEAD from engaging in such conduct constitutes deliberate indifference to right of citizens. Police chief WAYNE HOSE and DOE 1, the Captain of the Stockton Police Department, have and continue to have primary responsibility for and final authority to train, supervise and discipline officers in the City of Stockton Police Department. Their failure to implement an adequate regiment of training and supervision of officers regarding the constitutional limits on the use of force against citizens is deliberate indifference to the right of citizens. In addition, their failure to execute adequate disciplinary measure to deter officers from engaging in such conduct constitutes deliberate indifference to the right of citizens.

## V. **DAMAGES SUFFERED**

17.  As direct and proximate result of the acts  omissions of the Defendants herein described,  ANTOINE MARKIUS McDONALD  has suffered physical pain and had to undergo medical care and treatment to his economic loss.  He suffered bruises,  welts, and contusions.  He suffered both mental and emotional pain and humiliation and suffered the loss of all constitutional right described herein.

18.  By reason of the wrongful acts  alleged herein, Plaintiff was required to employ physicians to examine, treat and care for him, and as result, has incurred medical expenses in an amount as yet to be ascertained.

19.  In the matter described herein, the Defendants acted in deliberate indifference to the Plaintiff's constitutional rights. The conduct of City of Stockton Officers SMITH, HAWKINS, MACHT,  and HALSTEAD  was malicious, wanton and oppressive. Plaintiff is therefore entitled to an award of punitive damages.

20.  There now exists an actual controversy between the parties regarding Defendants' duties under the federal and state laws.

21.  Unless enjoined, Defendants will continue to engage in the unlawful act and pattern of practice of unlawful conduct described above.  Plaintiff has no adequate remedy at law.

## VI. **CLAIMS**

### **A. FIRST CLAIM**

(42 U.S.C. Section 1983)

22.  Plaintiff re-alleges and incorporates by reference paragraph 1 through 22, inclusive of the Complaint herein.

23.  Defendants acted under the color of state law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to the following:

  a.  The  right  not  to be deprived of life, liberty or property without due process of law as guaranteed by  the Fifth and Fourteenth

1          Amendment of the United States Constitution;

2          b.    The right to equal protection of the laws as guaranteed by the

3                Fourteenth Amendment to the United State Constitution; and

4          c.    The right to be free from unreasonable search and seizures as

5                guaranteed by the Fourth Amendment to the United State

6                Constitution.

7                    **B.    Second Claim**

8                    (42 U.S.C. Section 1983)

9    24.   Plaintiff re-alleges and incorporates by reference paragraph 1 through 24,

10         inclusive of the Complaint herein,

11   25.   As against Chief of Police WAYNE HOSE and the Captain of the Stockton

12         Police Department and Sergeants MACHT and HALSTEAD, Plaintiff alleges that

13         the acts complained of herein are indicative and representative of a repeated

14         course of conduct by Officers of the City of Stockton Police Department,

15         including, but not limited to officer SMITH and HAWKINS. Police Chief

16         WAYNE HOSE, Captain DOE 1, as well as Sergeants MACHT and HALSTEAD

17         of the Stockton Police Department, through their actions or inactions, have

18         condoned and encouraged this pattern of conduct. The supervisory response of

19         these Defendants demonstrated the existence of an informal custom or policy

20         which tolerance and promotes the continuing use of excessive force in violation of

21         the civil rights persons by officers of the City of Stockton Police Department.

22   26.   Chief of Police WAYNE HOSE, Captain of the Stockton Police Department and

23         Sergeants MACHT and HALSTEAD have been given notice of repeat occasion of

24         pattern of ongoing constitutional violations and practices by Offices of the City of

25         Stockton Police Department, including, but no limited to, Officers SMITH and

26         HAWKINS, Chief of Police WAYNE HOSE, Captain of the Police Department

27         and Sergeants MACHT and HALSTEAD have demonstrated deliberate

28         indifference in failing the enact the necessary or appropriate measures to prevent

- 6 -

1    the perpetuation of such a pattern conduct.

2    27.    The acts alleged herein are the direct and proximate result of the deliberate

3    indifference of Chief of Police WAYNE HOSE, DOE 1, Captain of the Stockton

4    Police Department and Sergeants MACHT and HALSTEAD, to the violation of

5    the constitutional rights of persons by officers of the City of Stockton Police

6    Department, including, but not limited Officers SMITH and HAWKINS. The

7    Plaintiff's injuries were foreseeable and a proximate result of the deliberate

8    indifference of chief of Police WAYNE HOSE, DOE 1, Captain of the Stockton

9    Police Department, and Sergeants MACHT and HALSTEAD, to the patters,

10    practice, customs and polices described above.

11    ## C. **THIRD CLAIM**

12    (Assault and Battery)

13    28.    Plaintiff re-alleges and incorporates by reference Paragraph 1 through 28,

14    inclusive, of the complaint herein.

15    29.    City of Stockton Police Officer SMITH, and HAWKINS assaulted and battered

16    Plaintiff's person by the use of their hands, fists and a "Tazer" weapon (serial #

17    P3-005974) proximately causing Plaintiff's injuries. Therefore Plaintiff is entitled

18    to an award of compensatory damages against each of these Defendants, and each

19    of them individually.

20    30.    The conduct of Officers SMITH and HAWKINS as described above, was willful,

21    intentional and malicious. Therefore, Plaintiff is entitled to an award of punitive

22    damages against these Defendants.

23    ## D. **FOURTH CLAIM**

24    (Negligence)

25    31.    Plaintiff re-alleges and incorporates by reference Paragraph 1 through 31,

26    inclusive, of the complaint herein.

27    32.    At all herein mentioned, Officers SMITHS and HAWKINS were subject to duty

28    of care to avoid causing unnecessary harm and distress to other in the exercise of

-7-

1   their police function. The conduct of Officers SMITHS and HAWKINS, as set

2   forth above, did not comply with the standard of care to be exercised by

3   reasonable police officer proximately causing McDONALD to suffer damages as

4   described herein.

5   ### E. **FIFTH CLAIM**

6   (Negligent Supervision)

7   33.   Plaintiff hereby re-alleges and incorporates by reference Paragraph 1 through 33,

8   inclusive of the complaint herein.

9   34.   At all times herein relevant, chief of Police WAYNE HOSE, DOE 1, Captain of

10   the Stockton Police Department, and Sergeants MACHT and HALSTEAD were

11   subject to a duty of care to adequately supervise and control the conduct of City of

12   Stockton Police Officers to avoid causing unnecessary harm and distress to others

13   in the exercise of their peace officer duties. The conduct of Chief of Police

14   WAYNE HOSE, DOE 1, Captain of the Stockton Police Department, and

15   Sergeants MACHT and HALSTEAD as set forth above, did not comply with the

16   standard of care to be exercised in the reasonable management and supervision of

17   the law enforcement branch, proximately causing McDONALD to suffer damages

18   as described herein.

19   ### VII. **RELIEF**

20   WHEREFORE, Plaintiff prays for relief as follows:

21   1.   That the Court declare the actions of the Defendants complained of herein to be in

22   violation of the Constitution and laws of the United States and the State of

23   California;

24   2.   That the Court enjoin the un-laws practice described herein and order Defendants

25   to take appropriate affirmative steps to ensure the action complained of above are

26   not engaged in again;

27   3.   For compensatory and punitive damages according to proof;

28   4.   For attorney's fee and cost of this action; and

- 8 -

1    5.    For other such relief as this Court deems just.

2

3   Dated: January 29, 2008                    By: _____

4                                                  GRAYLING M. WILLIAMS
                                                     Attorney for Plaintiff

5   //

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28